HENRY C. HENDERSON, APPELLANT, *v.* THE COMMERCIAL ADVERTISER ASSOCIATION, RESPONDENT.

*A complaint in an action for libel, held to state a good cause of action.*

The complaint in this action, brought by the plaintiff to recover damages for a libel published by the defendant, set forth as a cause of action that the defendant published an article containing the false and defamatory matter following, to wit: "A month ago Mr. McGrory refused, as supervisor, to approve Mr. Mullin's bond, * * * Counselor Henderson, acting for Mullin, took the matter to the board of supervisors. In the meantime Counselor Keogh investigated matters for McGrory and learned that ten of the sureties did not know they were on the bond, although Henry C. Henderson, notary public, had acknowledged them as sureties." It also alleged that the plaintiff was a lawyer, and that the words charged were published concerning him.

*Held*, that it set forth a good cause of action.

That it was not necessary to set forth extrinsic facts showing the application of the words to the plaintiff.

APPEAL from an order and interlocutory judgment, entered at a Special Term held in Westchester county, sustaining a demurrer interposed by the defendant to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action.

The complaint, after alleging that the plaintiff was an attorney and counselor-at-law and a notary public, duly appointed and commissioned under the laws of the State aforesaid, and was of good name, credit and standing, as such officer and in such official capacity, and was a man of good standing, reputation and character, alleged that on the 16th day of February, 1887, the defendant maliciously, libelously and wrongfully published, concerning the plaintiff, in the said newspaper called "The Commercial Advertiser," which it caused to be circulated and sold in the city of New York and elsewhere, a certain article containing the false and defamatory matter following, to wit: "A month ago Mr. McGrory refused, as supervisor, to approve Mr. Mullin's bond, * * * Counselor Henderson, acting for Mullin, took the matter to the board of supervisors. In the meantime Counselor Keogh investigated matters for McGrory and learned that ten of the sureties did not know they were on the bond, although Henry C. Henderson, notary public, had acknowledged them as sureties," thereby charging and meaning that this plaintiff, as a notary public, had willfully certified falsely that the execution of the said bond (which was an instrument to be recorded by law) was acknowledged by ten of the parties thereto, or intending to charge that this plaintiff had fraudulently and wrongfully obtained the signatures of ten of said sureties to said bond, and to charge the plaintiff with forging or causing to be forged, the names of ten of the parties to said bond.

*Wm. C. Reddy*, for the appellant.

*Charles O. Brewster*, for the respondent.

BARNARD, P. J.:

The complaint sets forth two causes of action for libel. The first is in these words: "A month ago Mr. McGrory refused, as supervisor, to approve Mr. Mullin's bond. Counselor Henderson, acting for Mullin, took the motion to the board of supervisors. In the meantime Counselor Keogh investigated matters for Mr. McGrory and learned that ten of the sureties did not know they were on the bond, although Henry C. Henderson, notary public, had acknowledged them as sureties." The plaintiff is a lawyer and notary public, and the words are charged to have been published concerning him.

This is a good cause of action. It is not necessary to set forth extrinsic' facts showing the application to plaintiff (Code, § 535), and none are needed to show the words to be capable of a libelous meaning in themselves. None other seems possible. A charge is made that a notary public certified the acknowledgments of ten persons as having been taken by him to a bond, and they, the persons purporting to sign it, did not know that their names were on the bond. If the language is capable of two interpretations, the question is one for a jury. (*Sanderson* v. *Caldwell*, 45 N. Y., 398.)

The second cause of action is not so clear. The words aver that the plaintiff fired at one Allen with a pistol to prevent Allen shooting him. The question is not noticed in this appeal, or if the conclusion is right upon the first count, the demurrer to the whole complaint should have been overruled. (*Hale* v. *The Omaha Nat. Bank,* 49 N. Y., 627.)

The judgment should, therefore, be reversed, with leave to defendant to answer in twenty days, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not setting.

Order sustaining demurrer to complaint and judgment reversed with costs to abide event, twenty days given to answer.